# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| CARISIA LOFLAND *On behalf of NLL* | * * * |
| Plaintiff, | * |
| v. | *    No. 4:20-cv-01105-JJV |
| | * |
| KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration, | * * * * |
| Defendant. | * |

## MEMORANDUM AND ORDER

Plaintiff, Carisia Lofland, on behalf of her minor son, NLL, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

At age three, NLL was found to be disabled under the Social Security Act - the comparison point decision (CPD). (Tr. 18.) The Commissioner determined NLL had the medically determinable impairments of speech and language delays, and these impairments medically equaled Listing 111.09. (*Id.*) However, upon a disability review, the Commissioner determined he was no longer disabled as of December 1, 2013, because he had medically improved and did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14-35.)

To determine whether a claimant under the age of 18 continues to be disabled, the Commissioner uses a three-step evaluation process. *See* 20 C.F.R. § 416.994a(b). The ALJ first

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

found NLL had experienced medical improvement with his impairments as of December 1, 2013. (Tr. 18.) He next determined NLL's impairments - that previously medically equaled Listing 111.09 at the time of the CPD - no longer met or medically equaled Listing 111.09 as of December 1, 2013. (Tr. 18-24.) He also determined NLL's impairments did not functionally equal a Listing. (*Id.*) Finally, the ALJ found that, considering NLL's combined impairments, he has not met, medically equaled, or functionally equaled a listing since December 1, 2013. (Tr. 26-35.) Accordingly, the ALJ found NLL's disability ended as of December 1, 2013, and he has not become disabled again since that date. (Tr. 35.)

The Appeals Council received additional evidence and then denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-13). Plaintiff initiated the instant Complaint challenging the decision of the Commissioner. (Doc. No. 2.)

In support of the Complaint, Plaintiff says:

An ALJ cannot determine disability status based upon assumed compliance with treatment without considering the reasons for non-compliance and without following the safeguards set forth in SSR 18-3p. The ALJ did not conduct a proper evaluation of NLL's use of medication treatment. The ALJ erred by failing to consider and apply the applicable Social Security Rulings and regulation for non-compliance with treatment.

(Doc. No. 23 at 11.)

With regard to NLL's non-compliance, the ALJ stated:

Concerning disruptive mood dysregulation disorder and ADHD, his treatment appears to be fairly effective in significantly improving his symptoms when he is compliant with such treatment as demonstrated by his medical and educational records (e.g., 5F; 11F; 14E; 27E). The claimant receives therapy at school and as outpatient but he has not had any inpatient treatment for his impairments.

The record demonstrates that despite a history of some noncompliance, the claimant's overall condition has improved with medication treatment and that his mental status exams throughout the record have generally been within normal limits. For example, in April 2015, the claimant was noted as having improved

> school behavior after switching from Adderall to Focalin. The claimant's mother also reported that the claimant had a dramatic response to his medication. Additionally, one of the claimant's teachers also indicated that he was one of the best students and was easier to redirect when complaint with his medication (Ex. 11F/6, 9). In April 2016, the claimant's math teacher said that with medication, the claimant functions well in class (Ex. 14F).

(Tr. 27.)

Citing *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002), Defendant responds that impairments that can be controlled effectively through medication and treatment are not disabling. The Commissioner's point is highly persuasive. In fact, failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

And evidence of record supports that NLL is "completely different" when he is compliant with his medication. (Tr. 695, 706, 707.) As one teacher wrote, "I have worked with [NLL] for 2 years – he is a completely different child with medication. He cannot function in school setting appropriately without it." (Tr. 706.) So, the ALJ's conclusion above is supported by substantial evidence and I find no reversible error on this point.

I have also considered Plaintiff's argument with regard to SSR 18-3p. With regard to Title XVI child claims, SSR 18-3p says, "Generally, if we find that a child's impairment(s) meets, medically equals, or functionally equals the listings at step 3 of the sequential evaluation process, and there is evidence of all three conditions listed in Section B above, we will determine whether there has been a failure to follow prescribed treatment." The ALJ was not required to apply the analysis in SSR 18-3p in this case because after performing the three-step evaluation, he found that NLL was not disabled. Because the ALJ found at step three, that since December 1, 2013, NLL had not had an impairment or combination of impairments that met or medically equaled a listing or functionally equaled the listings, SSR 18-3p does not apply.

3

I have carefully reviewed the overall evidence of record. I find this case to be a close call. This case is also an extremely difficult one because of the sympathetic nature of the claim and the genuine testimony of NLL's mother. Without question, as the Commissioner admits, the record contains evidence supporting and detracting from the ALJ's findings. However, given the task before me, I am simply unable to find any basis to overturn the decision of the ALJ.

Accordingly, I find the ALJ's decision is supported by substantial evidence. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Counsel for both sides have done exemplary work on behalf of their respective clients. I am sympathetic to Plaintiff's claims. But the overall medical evidence provides substantial support for the ALJ's determination that his medical condition has improved, and he is no longer disabled.

IT IS, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 5thday of January 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE